**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Secure Resolutions, Inc., | ) | No. CV-08-1156-PHX-NVW |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Larry Thompson, et al., | ) | |
| Defendant. | ) | |

Plaintiff Secure Resolutions Inc. ("Secure") filed suit against several individuals (the "Employees") alleging that the Employees committed an array of wrongful acts against Secure. Secure also named as defendants Halscott Industries Inc. and IHI Technologies LLC. (collectively, the "Corporate Defendants"), alleging that the Corporate Defendants assisted the Employees in their wrongdoing. Finally, Secure Resolutions named Kimberly Thompson, Rachel Halscott, Terri Poli, and Karol Airdo (collectively, the "Employees' Wives") as additional defendants. The Employees counterclaimed on numerous grounds against Secure.

The Corporate Defendants moved to dismiss Secure's complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), and for failure to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and 12(b)(6). Doc. # 8. The Employees' Wives moved to dismiss on the same grounds. Doc. # 10. Secure has moved to join the Employees' Wives

1  as counterclaimants and to amend its complaint. Docs. # 18, 20. Secure's motion to amend
2  will be granted, and the remaining motions will be denied.

**A.   Personal Jurisdiction and Motion to Amend Complaint**

Arizona's long-arm rule, applicable in this diversity suit, "provides for personal jurisdiction coextensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997); *see also* Ariz. R. Civ. P. 4.2(a). Due process requirements are satisfied if the defendant has "at least 'minimum contacts' with the relevant forum." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Id.* at 800.

The Employees concede that personal jurisdiction may be exercised over them. The Complaint alleges that the Employees entered into employment contracts with Secure, and that Secure is an Arizona corporation with its principle place of business in Arizona. By entering into these contracts, the Employees have "taken deliberate action within the forum state" and "created continuing obligations to forum residents," subjecting themselves to personal jurisdiction in this suit. *CE Dist., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1113 (9th Cir. 2004).

The Corporate Defendants argue that personal jurisdiction cannot extend to them because their only contact with Arizona is the purchase and use of a website domain name. It is unnecessary to decide whether this contact alone would pass constitutional muster, however, because plaintiffs allege significant (and sufficient) contacts besides. The Complaint states that the Employees formed the Corporate Defendants to assist in their wrongdoing against Secure. The Complaint also states that the Employees owned and controlled the Corporate Defendants, and that the Corporate Defendants profited by the Employees' wrongdoing. In sum, Secure has alleged that the Corporate Defendants had officers, employees, or agents in Arizona who committed wrongdoing with their assistance and on their behalf. The Corporate Defendants purposefully directed their activities toward Arizona residents, and Secure's claim arises out of those activities. *Bancroft & Masters Inc.*

1  *v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086-87 (9th Cir. 2000). Under these circumstances
2  jurisdiction is reasonable, *see Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88
3  (9th Cir. 1993), and therefore it is proper in this case. *See id.*

4  The same analysis governs the Employees' Wives' motion to dismiss. Secure has
5  moved to amend its complaint under Rule 15. The Amended Complaint alleges that the
6  Employees acted on behalf of and for the benefit of their marital communities, and/or as
7  agents of their wives. These amendments are sufficient to allege community liability and
8  are not futile. There being no other reason for denial, the motion to amend will be granted.
9  *Forman v. Davis*, 371 U.S. 178, 182 (1962).

10  To execute an Arizona judgment on community property, both spouses must be
11  jointly. A.R.S. § 25-215; *Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36, 676 P.2d 669, 670 (Ariz.
12  App. 1984). The Employees' Wives argue that because they are domiciled in Florida and
13  Florida is not a community property state, they cannot be subjected to personal jurisdiction
14  by virtue of any marital community liability. This argument is unavailing. It is impossible
15  to determine at this stage of the litigation whether the Employees and their wives have
16  acquired community property while residing in other states. *Best Western Int'l, Inc. v. Doe*,
17  No. CV-06-1537, 2007 U.S. Dist. LEXIS 61678, at *4, 2007 WL 2410341, at *1 (D. Ariz.
18  2007). If the Employees have any such property, A.R.S. § 25-215 requires joinder of the
19  spouses to execute on such property. Joinder of the spouses would not subject them to any
20  liability they do not otherwise bear; nor would it affect their sole and separate property in any
21  way. It merely eliminates the procedural bar of A.R.S. § 25-215 against executing on
22  community property, if and when found, unless both spouses are parties to the judgment.

23  **B.      Required Joinder of the Employees' Wives in the Employees' Counterclaims**

24  Plaintiff/Counterdefendant Secure Resolutions also moves to require the Employees'
25  Wives to join as additional counterclaimants. (Doc. # 18.) In their counterclaim, the
26  Employees seek damages under employment agreements. Secure contends that these are
27  community claims on which both spouses must join under A.R.S.§ 25-215(D). If the
28  Employees and their Wives were Arizona domiciliaries, as in *Weimer v. Maricopa County*

- 3 -

1 *Cmty. Coll. Dist.*, 184 F.R.D. 309, 311 (D. Ariz. 1998), Secure's motion would be well taken.
2 However, the Employees and their Wives are Florida domiciliaries, which has a common law
3 marital property regime, not community property. Secure cites no authority holding that
4 A.R.S. § 25-215(D) requires joinder by both spouses in Arizona proceedings to assert a claim
5 that is sole and separate under the law of the marital domicile merely because the claim
6 would be a community claim if the spouses were domiciled in Arizona. If Secure prevails
7 on the counterclaim, it will be free to execute any judgment for costs or attorney fees in
8 connection with the counterclaim against the Employees' respective sole and separate
9 property.

10 **C.     Pleading with Specificity**

11      The Corporate Defendants and the Employees' Wives raise a second challenge to the
12 Amended Complaint, moving to dismiss on the grounds that it fails to plead fraud with
13 particularity as required by Fed. R. Civ. P. (9)(b). Even though Secure did not plead fraud
14 as an independent cause of action, its claims are grounded in a fraudulent course of conduct
15 and must still satisfy this requirement. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-
16 04 (9th Cir. 2003).

17      The Corporate Defendants and the Employees' Wives claim that because the
18 complaint does not explain their particular participation in any fraud, it fails to plead with
19 particularity as to them. This argument is misplaced. The Amended Complaint alleges at
20 length the Employees' wrongful course of conduct. It alleges that the Corporate Defendants
21 were used as a subterfuge, under the Employees' ownership and control, for the Employees'
22 wrongful behavior and as a depository for the Employees' ill-gotten gains. In light of the
23 Employees' Wives joinder only for potential execution upon community property, should it
24 be found, there is no need to allege any fraud of the Wives apart from the specifically
25 pleaded fraud of the husbands.

26      IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend the Complaint and
27 for Permission to File the Proposed First Amended Complaint (Doc. #20) is granted.

28

1    IT IS FURTHER ORDERED that Plaintiff's Motion to Join Kimberly Thompson, Rachel Halscott, Karol Airdo and Terri Poli as Counterclaimants (Doc. # 18) is denied.

    IT IS FURTHER ORDERED THAT the Motion to Dismiss filed by Defendants Halscott Industries Inc. and IHI Technologies LLC (Doc. # 8) and the Motion to Dismiss filed by Defendants Kimberly Thompson, Rachel Halscott, Terri Poli, and Karol Airdo (Doc. #10) are denied.

    DATED this 25th day of September, 2008.

                                    _____
                                         Neil V. Wake
                                    United States District Judge